**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4608**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DENNIS FERRETTI,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:15-cr-00024-FPS-JES-2)

_____

Submitted: March 28, 2016          Decided: May 17, 2016

_____

Before AGEE, KEENAN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Elgine McArdle, MCARDLE LAW OFFICES, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Ferretti appeals the 46-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). On appeal, Ferretti argues that the district court erred by applying a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014) for possessing a dangerous weapon. We affirm.

We review sentences for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); see id. at 51 (discussing procedural reasonableness). The Sentencing Guidelines direct a district court to increase a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The dangerous weapon enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. cmt. n.11(A). The defendant bears the burden of "show[ing] that a connection between his possession of a firearm and his narcotic offense is clearly improbable." United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks omitted); United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010) (discussing factors courts consider in applying

2

weapon enhancement).  "We review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Gomez-Jimenez, 750 F.3d 370, 380 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 384 (2014).

Ferretti argues that there is no evidence that he possessed the gun on which the enhancement was based for his protection during the conspiracy.  He relies on the fact that he possessed the gun pursuant to a valid concealed carry permit and that he did not carry it during a traffic stop in which drugs were seized or after he stole money and drugs from his coconspirator's residence.  We conclude that the district court did not err when it applied the § 2D1.1(b)(1) enhancement. Ferretti kept the handgun in close proximity to the drugs and cash proceeds from the sales, and, thus, the gun was readily available should the need arise to use it to protect either the drugs or cash.  See Manigan, 592 F.3d at 629 ("[F]irearms that are readily accessible during drug activities can be deemed as possessed in connection there-with.").  Moreover, the fact that Ferretti possessed the firearm pursuant to a valid concealed carry permit does not mean that he did not also possess the gun in connection with the drug conspiracy.  See United States v. Carlson, 810 F.3d 544, 557 (8th Cir. 2016), petition for cert.

filed, __ U.S.L.W. __ (U.S. Mar. 9, 2016) (No. 15-1136); United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED